Danny MYNATT, Plaintiff-Appellee,

v.

LIBERTY MUTUAL INSURANCE COM-
PANIES, Defendant-Appellant,

and

Normak International, Inc.,
Defendant-Appellee.

Supreme Court of Tennessee,
at Knoxville.

Nov. 18, 1985.

Joe Guess, Knoxville, for plaintiff-appel-
lee.

W. Edward Parrott, Knoxville, for de-
fendant-appellant.

David N. Wedekind, Knoxville, for de-
fendant-appellee.

## OPINION

BROCK, Justice.

Defendant Liberty Mutual Insurance Co.
[Liberty Mutual] was the workers' compen-
sation carrier for plaintiff's employer, de-
fendant Normak International, Inc. [Nor-
mak], until January, 1983, at which time
Normak apparently became self-insured.
Plaintiff sustained a work-related back in-
jury and brought this suit. The Chancellor
awarded benefits to the plaintiff and held
that Liberty Mutual, as insurer, was jointly
and severally liable for the judgment along
with Normak. Liberty Mutual appeals
from the finding that it was liable, arguing
that plaintiff's injury occurred after Janu-
ary, 1983, when its coverage ended.

Plaintiff began working for Normak in
1972 or 1973 as a bundle-boy. In that
position he was required to lift and carry
bundles of material or clothing weighing
from 40 to 60 pounds to sewing machine
operators on a production line.

On or about July 27, 1982, plaintiff suf-
fered an injury while lifting a bundle. He
testified that as he picked up the heavy
bundle, he "felt something pull" in his
right side and his back. He left work after
that day.

With the approval of Normak, plaintiff
was initially seen by his own physician, Dr.
Fillmore. Plaintiff related the above inci-
dent to Dr. Fillmore and complained of
back pain. Dr. Fillmore diagnosed him as

having a bladder infection and treated him accordingly. His back problems continued. On August 13, 1982, plaintiff returned to Dr. Fillmore complaining of pain in his right groin, and was diagnosed as having a right inguinal hernia. On August 30, the hernia was surgically repaired. The pain in his back persisted.

Despite his continued back problems, plaintiff returned to work at Normak on November 1, 1982. In describing his condition during the period subsequent to his return to work, he testified that his back hurt him every time he lifted a bundle. Apparently at the suggestion of his physician, he used a heating pad and took medication. Finally, on February 14, 1983, the pain became so severe that he could no longer perform his job, and he left work. That day was the last day that plaintiff worked, because when he tried to return to work on February 23, he was discharged for medical reasons, effective February 14.

Subsequent to his discharge, plaintiff was treated for his back condition by Dr. Tauxe, an orthopedic surgeon. A myleogram performed by Dr. Tauxe in June, 1984, showed a mild narrowing of the disc at L3–4 and a mild bulging of the same disc. It was Dr. Tauxe's opinion that the type of work performed by plaintiff from November to February was the type of work which would have aggravated his back condition and prevented it from healing.

The Chancellor found that plaintiff's injury occurred on July 27, 1982, and that the pain he experienced in February, 1983, was the natural consequence of the July 27 injury. That finding is clearly supported by material evidence in the record, including the lay testimony of the plaintiff and the expert testimony of Dr. Tauxe. Accordingly, we are bound by that finding on appeal. See T.C.A., Section 50–6–225(e).

Liberty Mutual has paid plaintiff benefits for temporary total disability for the first period that he was off work, and paid the medical bills relating to the treatment of his hernia. It contends that it is not liable for further medical bills and benefits. To support that contention, Liberty Mutual relies upon the rule established in the so-called "gradual injury" cases providing that for notice and limitations purposes, the date of the accidental injury is deemed to be the date that the condition reaches the point at which it causes the employee to leave work. See Brown Shoe Company v. Reed, 209 Tenn. 106, 350 S.W.2d 65 (1961). It is Liberty Mutual's theory that under the gradual injury rule the date of plaintiff's injury was February 14, 1983, more than one month after Liberty Mutual ceased to be the workers' compensation insurer for Normak, and that consequently it is not liable.

We have examined the gradual injury cases cited by Liberty Mutual beginning with Brown Shoe Co., supra, and including St. Paul Insurance Co. v. Waller, Tenn., 524 S.W.2d 478 (1975). We find them to be inapplicable in light of the finding of the trial judge below that plaintiff's back injury occurred on July 27, 1982, during a particular incident of lifting, and that the pain he experienced in February, 1983, was simply a manifestation of that injury and not the culmination of a gradual injury. Plaintiff's injury was simply not a gradual injury.

Liberty Mutual indicates in its brief that back injury claims are recognized as appropriate situations for applying gradual injury guidelines. While in some cases an employee's back injury has been found to have occurred gradually and not as the result of a specific incident, see, e.g., Waller, supra, we have never held that back injuries are always gradual injuries. Each case must be decided on its facts based upon the proof relating to causation.

We conclude that plaintiff suffered an accidental injury on July 27, 1982, while Liberty Mutual was the workers' compensation insurer for Normak. The back problems that he has suffered since that time are simply a manifestation of the original injury, not a second injury or the culmination of a gradual injury. It follows that the trial court properly held that Liberty Mutual, as the workers' compensation

carrier for Normak at the time of the injury, is jointly and severally liable along with Normak for the workers' compensation benefits awarded to plaintiff.

The decree of the trial court is affirmed. Costs incurred upon appeal are taxed against defendant Liberty Mutual.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.